**IN THE UNITED STATES BANKRUPTY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| SPENCER PARKER | * | Case No. : 10-35985 |
| | * | |
| Debtor, | * | (Chapter 7) |
| *   *   *   *   *   * | * | *   *   *   *   * |
| | * | |
| Spencer Parker | * | |
| Movant, | * | |
| v. | * | |
| | * | |
| Eric Hatcher, | * | |
| Respondent, | * | |
| | * | |
| and | * | |
| | * | |
| Daneen Hatcher, | * | |
| Respondent, | * | |
| | * | |
| and | * | |
| | * | |
| Stacey L. Brown, | * | |
| Respondent. | * | |
| _____ | * | |

**MOTION FOR CONTEMPT OF SECTION 524 CHAPTER 7 DISCHARGE**
**AND NOTICE OF DEADLINE AND OPPORTUNITY TO OBJECT**

**COMES NOW**, the debtor Spencer Parker, by and through counsel,

William C. Johnson, Jr., hereby files this Motion for Contempt for violation of the

Chapter 7 Discharge pursuant to 11 U.S.C. § 524 and Notice of Deadline and

Opportunity to Object.  In support thereof the debtor states as follows:

**Procedural and Factual Background**

1.    The debtor filed a voluntary petition for relief under Chapter 13 of 11

U.S.C §101. et. seq. (the "Bankruptcy Code") on November 14, 2010, with the

United States Bankruptcy Court for the District of Columbia.  Debtor is an

individual.

1

2.      On or about February 28, 2011, Eric Hatcher, Daneen Hatcher and Stacey L. Brown filed cases 24C11000712, 24C100006922 and 24C11001300, respectively, against debtor Spencer Parker seeking to collect a debt which had accrued prior to the commencement of the Bankruptcy case.

3.      Eric Hatcher, Daneen Hatcher and Stacey L. Brown were not identified on the debtor's schedules.

4.      On or about August 23, 2011, the debtor converted the Chapter 13 case to a case under Chapter 7.  The debtor's case was deemed a "no asset case."

5.      On September 28, 2011, the Chapter 7 Trustee filed a "Report of No Distribution" indicating there were no assets for distribution to creditors.

6.      On November 29, 2011, the debtor received a discharge of all debts.  The debtor's bankruptcy case was closed on November 29, 2011.  The Discharge certifies that the debtor has been discharged from liability for payment of any and all debts which are made dischargeable by the Bankruptcy Code.

7.      On February 2, 2012, the Circuit Court for Baltimore City, Maryland consolidated all cases under the case no. 24C11001300.

8.      On December 17, 2012, the Circuit Court for Baltimore City, Maryland entered Notice of Recorded Judgment.

9.      The debtor, pursuant to the sale of real property, became aware of the existence of the liens on his real property.  The property was sold, however, the sale proceeds are being held in escrow to satisfy the liens of the respondents.

10.     On or about June 12, 2017, the respondents, through their counsel Carlos J.R. Salvado, Esq., was notified of the "no asset" Chapter 7 case and a request was made to remove the liens from the property due to this Discharge Injunction.

11.     On or about June 23, 2017, respondents Counsel Carlos J.R. Salvado, Esq. responded to the "notice letter" sent to his office by debtor's counsel.  In his response, Carlos J.R. Salvado, Esq. requested a copy of the petition be sent to his office.

12.     On or about July 3, 2017, debtor's counsel responded to the request of

respondent's counsel and provided his office with the Voluntary Petition and Schedules in the Debtor's bankruptcy case.

13.     After several attempts to contact the respondent's counsel went unanswered, the debtor was required to file the instant Motion for Contempt for violation of the Chapter 7 Discharge pursuant to 11 U.S.C. § 524 and Notice of Deadline and Opportunity to Object.

### The Basis for Order Determining Violation of the Discharge Injunction

14.     The effect of the discharge of the obligation represented by the lien held against the debtor's real property is set forth in 11 U.S.C. Section 524. That section provides, *inter alia:*

> Section 524. Effect of Discharge.
> "(a) A discharge in a case under this title—
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived; [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...."
>
> 11 U.S.C. § 524.

15.     Section 524(a)(2) provides that "[a] discharge in a case under this title ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." § 524(a)(2).

16.     While § 524(a) does not expressly provide a remedy for a violation of the statutory injunction, the federal courts have uniformly held that bankruptcy courts have authority under § 105(a) to enforce § 524(a) through contempt proceedings. *In re Paul*, 534 F.3d 1303, 1306–1307 (10th Cir. 2008) (citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506–07 (9th Cir. 2002), *Cox v. Zale Del., Inc.*,

239 F.3d 910, 916–17 (7th Cir. 2001), *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000)); *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997); *In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996).

17.    "Violation of the discharge injunction does not require explicit demands for the repayment of a discharged debt." *In re Malone*, No. 10–31855, 2012 WL 162374, at 5 (Bankr. W.D.N.C. Jan. 19, 2012) (citation omitted). "[A] debtor may establish that a creditor who has taken an action not overtly prohibited by § 524(a)(2) nevertheless violated the discharge injunction" where the creditor's actions were intended to coerce the debtor into paying the debt personally. *In re Paul*, 534 F.3d at 1308.

18.    The law under § 524 is well established that "[e]ven if a creditor threatens only to enforce its surviving lien, that threat will violate the discharge injunction if the evidence shows that the threat is really an effort to coerce payment of the underlying discharged debt." *See* 4 Collier on Bankruptcy ¶ 524.02(2)(a). In such a circumstance, "[t]he absence of any other reason for a creditor's act other than coercion is circumstantial evidence of the creditor's motives." *Id.*

19.    Attorney's fees have been awarded in contempt actions brought for violations of the permanent injunction of discharge. *Matter of Miller,* 81 B.R. 669 (Bankr.M.D.Fla.1988) and *In re Miller,* 89 B.R. 942 (Bankr.M.D.Fla.1988); *Behrens v. Woodhaven Ass'n.,* 87 B.R. 971 (Bankr.N.D.Ill.1988); *In re Roush,* 88 B.R. 163 (Bankr.S.D.Ohio 1988); *In re Barbour,* 77 B.R. 530 (Bankr.E.D.N.C.1987).

20.    The authority for such an exercise of contempt power by the bankruptcy courts has been variously found: (1) in the inherent power of all courts, including bankruptcy courts, to exercise civil contempt power to enforce compliance with their lawfully issued orders; (2) in the statutory authority granted implicitly by 11 U.S.C. §§ 105(a) and (c), particularly with respect to core proceedings under 28 U.S.C. § 157(b); and (3) in Bankruptcy *450 Rule 9020, its historical derivation and its predecessor rules.

**WHEREFORE,** the Debtor prays this honorable Court enter an Order declaring the Respondent's violated the debtor's Discharge pursuant to 11 U.S.C. § 524, award attorney's fees and grant such other and further relief as this Court deems necessary and proper.


Dated:  November 28, 2017                    */s/ William C. Johnson, Jr.*
                                             William C. Johnson, Jr., Esq.
                                             Fed. Bar ID #15651
                                             1310 L St. NW, Suite 750
                                             Washington, D.C. 20005
                                             (202) 525-2958


                                             */s/ Spencer Parker*
                                             Spencer Parker


**NOTICE OF OPPORTUNITY AND DEADLINE TO OBJECT TO MOTION FOR CONTEMPT OF SECTION 524 CHAPTER 7 DISCHARGE AND NOTICE OF DEADLINE AND OPPORTUNITY TO OBJECT**

**PLEASE TAKE NOTICE THAT WITHIN TWENTY-ONE (21) DAYS AFTER THE SERVICE OF THIS NOTICE** you must file and serve a written objection to the Motion for Contempt for violation of the Chapter 7 Discharge pursuant to 11 U.S.C. § 524 and Notice of Deadline and Opportunity to Object [the "Motion"], together with the proposed order required by Local Bankruptcy Rule 9072-1.  The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 6500 Cherry Lane, Greenbelt, MD 20770, and served by mailing a copy to the Debtor's attorney and to the United States Trustee.

**IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.**  The Court may grant the Motion without a hearing if the objection filed states inadequate grounds for denial.  Parties in interest with questions may contact the Debtor's attorney.

Dated:  November 28, 2017                    */s/ William C. Johnson, Jr.*
                                             William C. Johnson, Jr., Esq.
                                             Fed. Bar ID #15651
                                             1310 L St. NW, Suite 750
                                             Washington, D.C. 20005

5

(202) 525-2958

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this November 28, 2017, a copy of the foregoing was sent via first class mail to the following:

U.S. Trustee
115 S. Union St.
Suite 210
Alexandria, VA 22314

Salvado, Salvado & Salvado, P.C.
Carols J.R. Salvado, Esq.
30 Courthouse Square
Suite 204
Rockville, MD 20850

All Creditors on the Mailing Matrix (Bankruptcy Rule 1007(d))

November 28, 2017                    */s/William C. Johnson, Jr.*
                                     William C. Johnson, Jr., Esq.